1 JDamaso.PLE

2 LEONARDO M. RAPADAS
United States Attorney
3 RUSSELL C. STODDARD
First Assistant U.S. Attorney
4 Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
5 Hagåtña, Guam 96910-5009
TEL: (671) 472-7332
6 FAX: (671) 472-7334

7 Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

MAR 29 2006

**MARY L.M. MORAN**
**CLERK OF COURT**

8        **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE TERRITORY OF GUAM**

10

11 UNITED STATES OF AMERICA,          )          CRIMINAL CASE NO. 06-00005
                                                       )
                    Plaintiff,                         )
12                                                     )
                                                       )
           vs.                                         )          **PLEA AGREEMENT**
13                                                     )
                                                       )
   JAMES RUMBAUA DAMASO,                                )
14                                                     )
                    Defendant.                         )
15 _____)

16        Pursuant to Rule 11(e)(1)(B), the United States and the defendant, JAMES RUMBAUA

17 DAMASO, enter into the following plea agreement:

18        1. The defendant agrees to enter a guilty plea to Count III of the Indictment charging him

19 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The

20 government will move to dismiss Counts I, II and IV at the time of sentencing.

21        2. The defendant understands that the <u>maximum</u> sentence for possession of a firearm by

22 a felon is incarceration for ten (10) years, a $250,000 fine, a term of supervised release of not

23 more than three (3) years in addition to such term of imprisonment, such restitution as the court

24 may order and a $100 special assessment fee.  The $100 special assessment fee must be paid at

25 the time of sentencing.  If the defendant violates a condition of supervised release at any time

26 prior to the expiration of such term, the court may revoke the term of supervised release and

27 sentence him to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

28                                          -1-

3. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish the offense of felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1), the government must prove each of the following elements beyond a reasonable doubt:

> first: the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

> second: the defendant knowingly possessed a firearm; and,

> third: the firearm had been transported in interstate or foreign commerce.

5. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used in calculating the applicable guidelines level. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. The Sentencing Guidelines are advisory in nature, and thus are not binding on the Court. Nevertheless, the Court will look to the Sentencing Guidelines for assistance in determining the sentence. The Government will recommend that the defendant, JAMES RUMBAUA DAMASO receive the minimal sentence of the applicable guidelines range.

6. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined from the facts set forth herein, to wit:

> (a) The defendant was born on 1968 and is a citizen of the United States of America.

> (b) On January 6, 2006, JAMES RUMBAUA DAMASO, the defendant, knowingly

-2-

possessed a firearm, to-wit: a Colt Mark IV Series 80, .45 caliber pistol, which had been shipped in interstate or foreign commerce to the District of Guam. At the time the defendant possessed the firearm, he was a felon having been convicted in the Superior Court of Guam on October 19, 2005, of Possession of a Schedule II Controlled Substance, a crime punishable by imprisonment for more than one year.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure

-3-

1 | 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court
2 | does not accept the sentencing recommendations of the government or his counsel;

3 |     (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions
4 | about the offenses to which he has pled, under oath, and that if he answers these questions under
5 | oath, on the record, his answers may later be used against him in prosecution for perjury or false
6 | statement if an answer is untrue;

7 |     (g) That he agrees that the plea agreement is voluntary and not a result of any force,
8 | threats or promises apart from this plea agreement;

9 |     (h) The defendant is satisfied with the representation of his lawyer and feels that his
10 | lawyer has done everything possible for his defense.

11
12 | DATED: _3/29/06_      JAMES RUMBAUA DAMASO
     Defendant

13
14
15 | DATED: _3/29/06_      ALEXANDER A. MODABER
     Attorney for Defendant

16
17 | LEONARDO M. RAPADAS
     United States Attorney
18 |      Districts of Guam and NMI

19
20 | DATED: _3/29/06_    By:    RUSSELL C. STODDARD
     First Assistant U.S. Attorney

21
22
23
24
25
26
27
28 | -4-