# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 06-00005-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | )**DECLARATION IN SUPPORT OF PETITION** | |
| | ) | |
| JAMES RUMBAUA DAMASO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Re:    Violations of Supervised Release Conditions; Request for a Warrant**

I, U.S. Probation Officer Maria C. Cruz, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for James R. Damaso, and in that capacity declare as follows:

On July 24, 2006, James R. Damaso was sentenced by Designated Judge James Ware for the offense, to wit:  Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was ordered to be imprisoned for 20 months with three years of supervised release to follow.  Mr. Damaso's term of supervised release commenced on June 20, 2007 and is scheduled to terminate on June 19, 2010.

Mr. Damaso is alleged to have committed the following violations under *18 U.S.C. § 3583(d)*:

**Mandatory Condition and Special Condition No. 1:** *The defendant shall not unlawfully possess a controlled substance and the defendant shall refrain from any unlawful use of a controlled substance.*

**Standard Condition No. 7:** *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

**Standard Condition No. 9:** *The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.*

On August 6, 2008, this Probation Officer and U.S. Probation Officer John San Nicolas conducted a visit to Room 316 at the Guam Reef Hotel, Room 316 and met with Mr. Damaso, to verify his address at the hotel.  He had been instructed on July 23, 2008 to remove himself from the Golden Motel, where he had been staying after he had an argument with his father.  At the Reef Hotel, we were met by Mr. Damaso, his girlfriend, and her four children.  Shortly after our arrival,

the girlfriend and her children left the room so we could talk to Mr. Damaso in private. Mr. Damaso was tested for controlled substances and admitted that he used "ice" four days earlier. On the following day, August 7, 2008, he reported to the Probation Office and agreed to enroll in the U.S. District Court's drug court program.

On August 12, 2008, this Officer was informed by Special Agent Hoang Nguyen from the Bureau of Alcohol, Tobacco, Firearms and Explosives that a controlled buy for "ice" had occurred at the Guam Reef Hotel, Room 316. As a result, Mr. Damaso and his girlfriend were taken into custody by officers from the Guam Police Department's Violent Street Crimes Task Force. This Officer then proceeded to the Bureau of Alcohol, Tobacco, Firearms and Explosives and met with Mr. Damaso, who admitted in writing that he used "ice" on August 11, 2008. A subsequent search of the hotel room resulted in the confiscation of 4.1 net grams of methamphetamine found on a bed underneath a pillow and seven "plates" of "ice" on Mr. Damaso's person. Following debriefing by agents on the same day, Mr. Damaso and his girlfriend were released on their own recognizance.

**Standard Condition No. 3:** *The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.*

On August 7, 2008, during an office visit, this Officer asked Mr. Damaso if his girlfriend is a user of methamphetamine and if they smoke methamphetamine together. He denied such activity and further added that his girlfriend does not know he uses "ice." Contrary, however, during the debriefing with law enforcement agents on August 12, 2008, Mr. Damaso confided that his girlfriend is a user of methamphetamine.

**Standard Condition No. 6:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.*

On August 15, 2008, this Officer attempted to make contact with Mr. Damaso at his last known address which was the Guam Reef Hotel. The hotel operator indicated that Mr. Damaso and his girlfriend were no longer registered at the hotel. As of this writing, Mr. Damaso has not informed this Officer of his whereabouts and has failed to notify the probation office at least ten days prior to any change in residence.

On September 3, 2008, this Officer contacted Mr. Damaso's employer who stated that Mr. Damaso last showed for work on August 2, 2008, and he has since been terminated from the company.

**Special Condition No. 3:** *The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall also make a co-payment for the program at a rate to be determined by the U.S. Probation Office.*

A review of Mr. Damaso's file showed that he submitted an invalid specimen on July 8, 2008 at the U.S. Probation Office, admitted to "ice" use on August 6, 2008 at the Guam Reef Hotel, admitted to "ice" use on August 12, 2008 at the Bureau of Alcohol, Tobacco, Firearms and Explosives office, and failed to show for drug testing on August 14, 2008 at the Partnership of Melendez/Benavente. Mr. Damaso also failed to show for drug treatment counseling sessions at Marianas Psychiatric Services on July 26, 2008, August 13, 2008, and August 16, 2008.

**Supervision Compliance**: Mr. Damaso was progressing well on supervision from June 20, 2007 up through June 24, 2008. He had paid his special assessment fee and cooperated in the collection of DNA. Additionally, he was submitting his monthly supervision reports on a timely basis, testing negative for controlled substances, participating in his drug treatment program, paying his fine, working as a heavy equipment operator, maintaining a residence, and following the instructions of this Officer. Mr. Damaso had almost completed the one-year long drug testing and drug treatment program when he missed a drug test on June 25, 2008. Subsequently, during a non-compliance meeting on June 26, 2008, he tested positive for methamphetamine.

**Recommendation:** This Officer respectfully requests that the Court issue a Warrant for James Rumbaua Damaso and upon its execution, he appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 4th day of September 2008, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By: 

/s/ MARIA C. CRUZ
U.S. Probation Officer

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:     Russell C. Stoddard or designee, AUSA
         Richard P. Arens, AFPD
         File